## JEFFERSON OSBORN, COMMISSIONER OF HIGHWAYS, v. JOHN LONGSDUFF.

*Highways—Encroachment—Notice denying existence of highway —Plea of title—Costs.*

The occupant of land charged with an encroachment upon a highway is not called upon to serve upon the commissioner a notice denying the existence of such highway until after he is served with a copy of the commissioner's order for the removal of the alleged encroachment; and in a suit for such non-removal, in which the *fact* of such *service* is put in issue by the evidence, and found against the plaintiff, it is error to exclude defendant's evidence of title (properly pleaded), and of the non-existence of said highway, because of his failure to serve such notice, and then render judgment against him for *costs* for failing to show title.

Error to Cass. (Smith, J.) Argued April 19, 1888. Decided April 27, 1888.

Trespass for encroachment on highway. Defendant brings

error.    Judgment for costs reversed, and one entered in favor of defendant for costs of both courts.    The facts are stated in the opinion.

*Howell & Carr*, for appellant.

*Harsen D. Smith*, for plaintiff.

MORSE, J.  Osborn, as commissioner of highways of the township of Calvin, sued the defendant in trespass for an alleged encroachment upon a highway in said township. The encroachment consisted of a rail fence, which was claimed to be in the highway.

The declaration was filed under How. Stat. §§ 1371–1373.

Under the plea of the general issue, the defendant gave notice that he would prove that the location of the fence was upon his own soil, and that no highway ever existed where said fence was maintained; that said fence was not an encroachment, and never had been, but was the true line of the highway, which highway, outside of the fence, had become and existed as such highway by user.

The defendant also entered into a proper bond, and thereupon the justice certified the case to the circuit court of Cass county.

Under the statute, the commissioner must make an order under his hand requiring the occupant of the land through or by which the highway runs to remove the encroachment within 30 days.  Such order must specify the width of the road, the greatest extent of the encroachment, and of what it consists, and the place or places where the same may be, with reasonable certainty.    A copy of this order must be served upon such occupant.  How. Stat. § 1371.  The occupant upon whom the copy is served may, within the 30 days, serve upon the commissioner a notice denying the existence of a highway where the encroachment is claimed.  Id. §

1372. In a suit for trespass by the commissioner the statute provides that—

"The defendant * * * may also deny the existence of a highway where such encroachment is claimed to be, if he shall have denied the same in the notice which by the last preceding section he may serve upon the commissioner, and shall have set the same up in defense at the time of joining issue; but otherwise the legal existence of the highway shall not be questioned on the trial, and the fact of such encroachment, and where the true line of the highway is, shall only be tried." Id. § 1373.

The plaintiff himself testified upon the trial in the circuit that he went to defendant's house, and left a copy of the order, which he had made in the premises, with defendant's wife, and told her to hand it to defendant; that afterwards the defendant admitted that he received it.

The defendant denied ever receiving such copy, or knowing anything about it.

The case was submitted to the jury upon the simple issue whether the defendant received this notice, and in time under the statute. The jury found for the defendant.

Upon the trial, defendant offered certain deeds in evidence to show his title to the land, and also testimony to show that his fence had been located where it then was for 30 years, and that no highway had ever existed there, but that the highway had been traveled outside of his fence, and there existed by user.

It was admitted that the defendant had served no notice upon the commissioner under section 1372, denying the existence of the highway. Thereupon the court rejected all evidence tending to show title in the defendant to the soil upon which the fence was located, because such notice had not been given.

After the verdict of the jury in favor of the defendant, the circuit judge filed a certificate in the cause that the title to

70 MICH. 9.

land did not come in question upon the trial, and entered judgment for costs in favor of the plaintiff.

In this action the court erred. The title to the soil where the fence was located which the commissioner claimed was in the highway was put in issue by the pleadings. The result of the trial was that the court below ruled out all testimony as to title in the defendant, because the defendant had not served upon the plaintiff a notice under the statute denying the existence of the highway,—a notice which he was not called upon to serve until a copy of the order locating the alleged encroachment had been served upon him, which copy the jury found had not been served. The court erred in rejecting this offered evidence of title, and then giving judgment for costs against the defendant, because, under the erroneous ruling of the court, he was not permitted to show title. Such action cannot be sustained.

The judgment for costs in the court below will be vacated and set aside, and judgment entered in this Court, for the costs of both courts, in favor of the defendant.

SHERWOOD, C. J., CHAMPLIN and LONG, JJ., concurred. CAMPBELL, J., did not sit.